UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STEVEN JAY SENCIAL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-4235** |
| **SHERIFF JOSEPH P. LOPINTO, ET AL.** | **SECTION: "D"(1)** |

**O R D E R**

Plaintiff, a state inmate, filed this *pro se* and *in forma pauperis* federal civil rights case pursuant to 42 U.S.C. § 1983. Because he was having difficulty complying with the pleading requirements of Federal Rule of Civil Procedure 8, the Court previously appointed him counsel for the limited purpose of assisting with the filing of a Second Amended and Superseding Complaint. Rec. Doc. 37. After that Second Amended and Superseding Complaint was filed, the Court then granted appointed counsel's motion to withdraw from further participation in the case. Rec. Doc. 45.

Plaintiff has now filed a motion requesting that the Court appoint new counsel to continue assisting him in this matter. Rec. Doc. 57. That motion is **DENIED**.

"[A plaintiff] has no automatic right to appointed counsel in [a] civil rights matter." Leachman v. Harris County, 779 F. App'x 234, 238 (5th Cir. 2019). In fact, such appointments are rare in this Circuit, because the United States Fifth Circuit Court of Appeals has expressly held that "[a] district court should appoint counsel in a civil rights case **only** if presented with **exceptional** circumstances." Norton v. Dimazana, 122 F.3d 286, 293 (5th Cir. 1997) (emphasis added). Regarding such appointments, the Court of Appeals has further explained:

> Although no comprehensive definition of exceptional circumstances is practical, a number of factors should be considered in ruling on requests for appointed counsel. These include: (1) the type and complexity of the case; (2) whether the indigent is

> capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination.
> 
> The district court should also consider whether the appointment of counsel would be a service to [the plaintiff] and, perhaps, the court and defendant as well, by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination.

Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982) (citations, quotation marks, and brackets omitted); accord Larson v. Westbrook, 799 F. App'x 263, 264-65 (5th Cir. 2020).

For the following reasons, the undersigned finds that this is not an exceptional case that would warrant the appointment of counsel at this time.

First, it must be noted that plaintiff's claims, as narrowed in the Second Amended and Superseding Complaint, allege that the defendants failed to protect him from his suicidal impulses and the risk of harm posed by other inmates, used excessive force against him, and committed related state-law torts. It can hardly be doubted that such claims are common in civil rights cases in federal court. Moreover, plaintiff's particular claims are neither factually nor legally complex.

Second, given the relative simplicity of his claims, plaintiff should have greater no difficulties in presenting his claims than those normally encountered by individuals proceeding without counsel.

Third, it does not appear that an abnormal amount of discovery will be required in this case, and plaintiff should be able to conduct what little discovery may be necessary. Indeed, he has already requested and been provided with his jail records and medical records.

Fourth, the only factor that gives the undersigned pause is the fact that a jury trial has been requested. Of all challenges encountered by lay persons proceeding without counsel, perhaps the greatest challenges are those of presenting evidence and cross-examining witnesses at a jury trial. That said, the mere fact that a matter will be heard by a jury does not, in and of itself, make a case

"exceptional." See, *e.g.*, Slavin v. Curry, 690 F.2d 446, 448 (5th Cir. 1982) (finding that the district court did not abuse its discretion in refusing to appoint counsel in a case that involved a six-day jury trial for which the *pro se* plaintiff subpoenaed forty-two witnesses). Moreover, in any event, this case is still in its early stages, and no trial is scheduled at this time.

Lastly, although counsel might prove helpful, that is normally true in such cases. However, that alone does not make the appointment of counsel legally necessary here, especially given the straightforward nature of plaintiff's claims.

Accordingly, considering all of the relevant factors and the totality of the circumstances in this case, Court finds that appointment of counsel simply is not warranted at this time. However, **if** plaintiff's claims survive dispositive motions and a jury trial is in fact scheduled in this matter, he may then file a new motion for appointment of counsel **at that time**, and the Court will reconsider his request.

New Orleans, Louisiana, this __28th__ day of August, 2023.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**