UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEVEN JAY SENCIAL | CIVIL ACTION |
| VERSUS | NO. 22-4235 |
| JEFFERSON PARISH SHERIFF JOSEPH LOPINTO, III, ET AL. | SECTION "O" |

ORDER AND REASONS

Before the Court in this civil-rights case arising from injuries Plaintiff Steven Jay Sencial claims to have suffered as an inmate in Jefferson Parish jail is a motion[1] for summary judgment by Defendant Roneisha Johnson. Sencial opposes[2] the motion. For the following reasons, Johnson's motion for summary judgment is **DENIED WITHOUT PREJUDICE**.

I.   BACKGROUND

Plaintiff Sencial, a former inmate at the Jefferson Parish Correctional Center ("JPCC"), initially filed this civil action *pro se*.[3] However, with the assistance of appointed counsel, he subsequently filed a Second Amended and Superseding Complaint, which is now the operative complaint in this matter.[4] In that pleading, he raises several claims under federal law and state law stemming from injuries he allegedly suffered while at JPCC.[5] Relevant to the instant motion, Sencial alleges

---

[1] ECF No. 84.
[2] ECF Nos. 90, 95, 99. Sencial filed all three responses before the magistrate judge's due date of December 20, 2023. *See* ECF No. 85.
[3] ECF No. 1. On September 23, 2024, Sencial filed a "Notice of Change of Address" updating his mailing address to a location in Mississippi and informing the Court that he was no longer incarcerated. ECF No. 111.
[4] ECF No. 43.
[5] *Id.* at 12–13.

that Johnson, a licensed practical nurse acting in the course and scope of her employment with Correcthealth Jefferson LLC to provide medical and mental health services to inmates at the JPCC, committed the Louisiana torts of assault, battery, intentional infliction of emotional distress, breach of duty to protect, and negligence against Sencial.[6] Sencial further alleges that Johnson is liable under 42 U.S.C. § 1983 for violations of his rights under the 14th Amendment and the 8th Amendment.[7]

Johnson filed a motion to dismiss pursuant to Rule 12(b)(6).[8] Because matters outside the pleadings were attached to the motion, the Court notified the parties that the motion was being converted into one for summary judgment, gave Johnson an opportunity to supplement the motion to present any other pertinent material (if she desired to do so), and extended Sencial's time to respond to the converted motion.[9] *See* FED. R. CIV. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). Johnson chose not to supplement her motion, and Sencial submitted three responses opposing the motion.[10]

## II.  LEGAL STANDARD

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a

---

[6] *Id.* at 2, 6–7, 13.
[7] *Id.* at 12.
[8] ECF No. 84.
[9] ECF No. 85.
[10] ECF Nos. 90, 95, 99.

matter of law." FED. R. CIV. P. 56(a). "A dispute is genuine if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Perry v. VHS San Antonio Partners, L.L.C.*, 990 F.3d 918, 926 (5th Cir. 2021) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A fact is material if it 'might affect the outcome of the suit.'" *Id.* (quoting *Anderson*, 477 U.S. at 248).

The movant has the initial burden to show that there is no genuine dispute of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). If the movant meets its initial summary-judgment burden, however, the burden shifts to the nonmovant to "identify specific evidence in the summary judgment record demonstrating that there is a dispute of material fact concerning the essential elements of its case for which it will bear the burden of proof at trial." *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, 994 F.3d 704, 708 (5th Cir. 2021) (first citing FED. R. CIV. P. 56(a) & (e); and then citing *Celotex*, 477 U.S. at 324). "Speculative theories cannot defeat a motion for summary judgment." *Guillot ex rel. T.A.G. v. Russell*, 59 F.4th 743, 750 (5th Cir. 2023) (citing *Little*, 37 F.3d at 1075). Nor may a nonmovant "defeat summary judgment with 'conclus[ory] allegations, unsupported assertions, or presentation of only a scintilla of evidence.'" *Flowers v. Wal-Mart Inc.*, 79 F.4th 449, 452 (5th Cir. 2023) (quoting *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012)). "Instead, the nonmovant must go beyond the pleadings and designate specific facts that prove that a genuine [dispute] of material fact exists." *Id.* (citing *Little*, 37 F.3d

3

at 1075). If the nonmovant "fails to meet this burden, the motion for summary judgment *must* be granted." *Little*, 37 F.3d at 1076 (emphasis added).

In reviewing the summary-judgment record, the Court draws all reasonable inferences in favor of the nonmovant. *See Vote.Org v. Callanen*, 89 F.4th 459, 469 (5th Cir. 2023) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)). And the Court "resolve[s] factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075.

## III. ANALYSIS

Johnson argues that Sencial's state-law tort claims against her should be dismissed as premature because those claims were not first presented to a medical review panel.[11] Louisiana law indeed requires medical malpractice claims—and only malpractice claims—to be presented to a medical review panel before commencing litigation. Here, Sencial alleges state law claims of assault, battery, intentional infliction of emotional distress, breach of duty to protect, and negligence against Johnson. Because Johnson has not shown that Sencial's claims are malpractice claims, the Court declines to find that Sencial is required to present these claims to a medical review panel before bringing suit, and thus denies Johnson's motion to dismiss.

Under the Louisiana Medical Malpractice Act ("LMMA"), "[a]ll malpractice claims against health care providers" must be reviewed by a medical review panel

---

[11] ECF No. 84-1 at 1. Johnson's motion does not argue for dismissal of the federal claims.

4

before such claims can be filed in court. LA. STAT. ANN. §§ 40:1231.8(A)(1)(a), (B)(1)(a)(i). The Louisiana Supreme Court "has steadfastly emphasized that the LMMA and its limitations on tort liability for a qualified health care provider apply *only* to claims 'arising from medical malpractice,' and that all other tort liability on the part of the qualified health care provider is governed by general tort law." *LaCoste v. Pendleton Methodist Hosp., L.L.C.*, 2007-0008 (La. 9/5/07), 966 So. 2d 519, 524 (citations omitted). "[T]he coverage of the Act should be strictly construed," as "[t]hese limitations apply only in cases of liability for malpractice" and not as to "[a]ny other liability of the health care provider to the patient." *Sewell v. Drs. Hospital*, 600 So. 2d 577, 578 (La. 1992).

The key question presented here is whether the state law claims for which Sencial is seeking to hold Johnson liable are in fact *malpractice* claims. The LMMA defines "malpractice" as "any unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient[.]" LA. STAT. ANN. § 40:1231.1(A)(13). In determining whether a claim "sounds in medical malpractice and must first be presented to a medical review panel," the Louisiana Supreme Court sets forth six factors for courts to consider:

> (1) whether the particular wrong is "treatment related" or caused by a dereliction of professional skill;
>
> (2) whether the wrong requires expert medical evidence to determine whether the appropriate standard of care was breached;
>
> (3) whether the pertinent act or omission involved assessment of the patient's condition;

(4) whether an incident occurred in the context of a physician-patient relationship, or was within the scope of activities which a hospital is licensed to perform;

(5) whether the injury would have occurred if the patient had not sought treatment; and

(6) whether the tort alleged was intentional.

*LaCoste*, 966 So. 2d at 524–25. The court in *LaCoste* further held that "any ambiguity should be resolved in favor of the plaintiff and against finding that the tort alleged sounds in medical malpractice." *Id.* at 524.

Citing the LMMA, Johnson argues that Sencial's claims are "premature" because Sencial did not present his claims to a medical review panel.[12] This argument fails because Johnson merely presupposes that Sencial's claims are ones of "malpractice" subject to the LMMA. Rather, the nature of Sencial's claims, at least on their face, do not entirely sound in medical malpractice. Such claims include "the state law torts of assault, battery, intentional infliction of emotional distress, breach of duty to protect, and negligence[.]"[13] This alone is sufficient reason to deny the instant motion. A moving party bears the burden of proving prematurity under the LMMA, and that burden requires a showing that the plaintiff's claims sound in

---

[12] ECF No. 84-1.

[13] ECF No. 43 at 13. Johnson does not argue that Sencial's negligence claim is, in effect, a malpractice claim. The word "malpractice" does not appear in Sencial's Second Amended and Superseding Complaint. And to be sure, not all negligence claims are covered by the LMMA. *See Blazio v. Ochsner Clinic Found.*, 2019-0753 (La. App. 4 Cir. 3/4/20), 294 So. 3d 36, 41, *writ denied*, 2020-00732 (La. 10/6/20), 302 So. 3d 530 ("If the allegations sound in medical malpractice, the case must proceed in accordance with the protocol set forth in the MMA. If, on the other hand, the allegations sound in general negligence, the case should proceed under general tort law."). "[The LMMA] is only triggered by the negligent care and treatment of the patient. Were the provider to commit an intentional tort against his patient or negligently injure his patient in a manner unrelated to medical treatment, the limitation of liability would not be available." *Descant v. Administrators of Tulane Educ. Fund*, 93-3098 (La. 7/5/94), 639 So. 2d 246, 250.

6

malpractice and are therefore subject to the medical review panel requirement. *See Kelleher v. Univ. Med. Ctr. Mgmt. Corp.*, 2021-00011 (La. 10/10/21), 332 So. 3d 654, 657 ("The burden of proving prematurity is on the moving party . . . which, in a medical malpractice case, must show that it is entitled to a medical review panel because the allegations fall within the scope of the Act."). Because Johnson has made no effort to establish that Sencial's state law claims qualify as malpractice under the LMMA, and because that is a prerequisite for the LMMA to apply, Johnson has not met her burden of proof. Therefore, the instant motion should be denied.

## IV.    CONCLUSION

**IT IS ORDERED** that Defendant Roneisha Johnson's motion is **DENIED WITHOUT PREJUDICE**.

New Orleans, Louisiana, this 1st day of May, 2025.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE