## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**STEVEN JAY SENCIAL**                                    **CIVIL ACTION**

**VERSUS**                                                **NO. 22-4235**

**JEFFERSON PARISH SHERIFF**                              **SECTION "O"**
**JOSEPH LOPINTO, III, ET AL.**


## ORDER AND REASONS

Before the Court in this civil-rights case is Plaintiff Steven Jay Sencial's motion[1] to strike numerous affirmative defenses advanced by the Jefferson Parish Sheriff's Office ("JPSO") defendants, or in the alternative, to provide a more definite statement of such defenses. For the following reasons, Sencial's motion is **DENIED**.

## I.     BACKGROUND

Plaintiff Steven Jay Sencial, a former inmate at the Jefferson Parish Correctional Center ("JPCC"), initially filed this civil action *pro se*.[2] However, with the assistance of (briefly) appointed counsel, he subsequently filed a Second Amended and Superseding Complaint ("Second Amended Complaint"), which is now the operative complaint in this matter.[3] In that pleading, Sencial asserts federal and state claims against JPCC personnel, including Jefferson Parish Sheriff Joseph P. Lopinto, III, Deputy Chad Lachney, Deputy Marialaina Horton, Deputy Joseph Trosclair, Sgt. Kelly Kline, Lt. Timothy Berrian, Sgt. Scott Rose, Deputy Adrian

---

[1] ECF No. 98. The JPSO Defendants did not file a response to Sencial's motion.
[2] ECF No. 1.
[3] ECF No. 43.

Arabie, Deputy Charles Whitley, Capt. Aaron Wilkie, Deputy Duston Johnson, and Deputy Terrence Holmes (together, the "JPSO Defendants").

Sencial alleges that while he was being detained at JPCC, the JPSO Defendants failed to protect him from his own suicidal impulses, failed to protect him from other inmates, and used excessive and unnecessary force against him.[4] Sencial alleges that the JPSO Defendants are thus liable pursuant to 42 U.S.C. § 1983 for violations of his rights under the 8th and the 14th Amendments.[5] Sencial also alleges the state law torts of assault, battery, intentional infliction of emotional distress, breach of duty to protect, and negligence against the JPSO Defendants.[6] Sencial alleges that Sheriff Lopinto is liable for the state law torts under the doctrine of *respondeat superior*.[7]

In response to Sencial's Second Amended Complaint, the JPSO Defendants filed answers and affirmative defenses on August 16, 2023, October 13, 2023, and November 16, 2023, respectively.[8] Sencial now moves to strike a litany of those defenses, or in the alternative, he moves for an order requiring that the JPSO Defendants provide a more definite statement.

## II.    LEGAL STANDARDS

The Federal Rules embrace "a simplified pleading system, which was adopted to focus litigation on the merits of a claim." *Swierkiewicz v. Sorema N.A.*, 534 U.S.

---

[4] *See generally id.*
[5] *Id.* at 12–13.
[6] *Id.* at 13.
[7] *Id.*
[8] ECF Nos. 59, 82, 89.

2

506, 514 (2002) (citation omitted). Like "[o]ther provisions of the Federal Rules of Civil Procedure" subsections (e) and (f) of Rule 12 are "inextricably linked to Rule 8(a)'s simplified notice pleading standard[,]" which is amplified by Rule 8(e)(1)'s rejection of "technical forms of pleadings" as well as Rule 8(f)'s mandate to "construe[ ] … [all pleadings] to do substantial justice." *Id.* at 513-14.

### A. Rule 12(f) Motion to Strike from a Pleading An "Insufficient Defense" or "Scandalous" Material

Rule 12(f) allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Though the Court, *sua sponte*, may strike such insufficient defenses or scandalous matters, any motion by a party requesting that the Court do so must be filed within 21 days after being served with the pleading containing the objectional defense or material. *Id.*

"Striking an affirmative defense is warranted if it cannot, as a matter of law, succeed under any circumstance." *United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013) (citing *Cambridge Toxicology Grp., Inc. v. Excnicios*, 495 F.3d 169, 178 (5th Cir. 2007)). Generally speaking, such motions to strike "should be granted only when the pleading to be stricken has no possible relation to the controversy." *United States v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.,* 306 F.2d 862, 868 (5th Cir. 1962) (internal quotations and citation omitted)).

Motions to strike defenses are disfavored. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982). So disfavored

that striking a pleading is considered "a drastic remedy to be resorted to only when required for the purposes of justice." *Augustus,* 306 F.2d at 868 (quoting *Brown v. Williamson Tobacco Corp v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)). Such a motion may be appropriate, however, "when the allegations are prejudicial to the opposing party or immaterial to the lawsuit," such as "when the challenged allegations do not bear on the subject matter of the litigation." *Sewell v. St. Bernard Par. Gov't*, No. CV 21-2376, 2022 WL 1184504, at *1 (E.D. La. Apr. 21, 2022) (Vitter, J.) (quotations omitted).

"Even when technically appropriate and well-founded," other sections of this Court have recognized that disfavored "motions to strike are not [to] be granted in the absence of a showing of prejudice to the moving party." *See Perry v. H.J. Heinz Co. Brands, LLC*, No. 19-280, 2019 WL 2423231, at *3 (E.D. La. June 10, 2019) (Feldman, J.) citing *Abene v. Jaybar, LLC*, 802 F. Supp. 2d 716, 723 (E.D. La. 2011) (Fallon, J.) (citations and internal quotation marks omitted)); *see also Securities and Exchange Commission v. Jacobson*, No. 23-5650, 2024 WL 1217308, at *2 (E.D. La. Mar. 21, 2024) (Milazzo, J.) (denying motion to strike due to movant's failure to show prejudice). The decision to grant or deny a motion to strike is reserved to the Court's discretion. FED. R. CIV. P. 12(f) (utilizing the permissive "may").

## B. Rule 12(e) Motion for a More Definite Statement

A party unable to frame a response to an opponent's pleading may seek an order requiring his opponent who filed the indefinite pleading to lodge a more definite statement. That is, "[a] party may move for a more definite statement *of a pleading*

4

*to which a responsive pleading is allowed* but which is so vague or ambiguous that a party cannot reasonably prepare a response." FED. R. CIV. P. 12(e) (emphasis added). A Rule 12(e) motion "must be made before filing a responsive pleading and must point out the defects complained of and the details desired." *Id.* Limited in scope, by its own terms, Rule 12(e) is restricted to those challenged pleadings to which a response is owed. *See id.*; *see also* 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1376 (3d ed. Supp.2025). To be sure, if no responsive pleading is allowed, then Rule 12(e) is not needed as a means of enabling the moving party to frame its response and thus the Rule has no application. *See id.*

Accordingly, a party is only eligible to seek relief under Rule 12(e) if he is allowed or required to respond to the challenged pleading.

## III.   ANALYSIS

Construing his motion liberally, Sencial seeks to strike the JPSO Defendants' second, third, fourth, seventh, eighth, ninth, tenth, eleventh, and twelfth affirmative defenses, contending that these defenses are insufficient, inapplicable, not adequately pleaded, redundant, or frivolous.[9] Alternatively, Sencial seeks a more definite statement. He fails to demonstrate entitlement to either form of relief.

### A.  Rule 12(f) Motion to Strike

Sencial does not specify which answer(s) contain the objectionable affirmative defenses he moves to strike.  And, the JPSO Defendants filed three total Answers,

---

[9]  ECF No. 98. These defenses assert vicarious liability/*respondeat superior*, negligence/contributory negligence, lack of diversity jurisdiction, frivolity, qualified immunity, lack of control, good faith, proximate cause, and a response admitting and denying some allegations by Deputy Terrence Holmes.

ECF Nos. 59, 82, 89.[10] Considering the answers are nearly identical, the Court construes Sencial's motion as challenging all three.

As a threshold matter, insofar as Sencial moves to strike defenses contained in all three answers, as for those answers filed on August 16, 2023 (ECF No. 59) and October 13, 2013 (ECF No. 82), his request is untimely. Sencial filed his motion on December 7, 2023, but the deadline to move to strike these answers lapsed 21 days after they were filed.

Nevertheless, the Court construes his motion as timely as to each materially identical answer. Even so, as to most of the affirmative defenses he seeks to strike, Sencial fails to meet his burden to show that these defenses are "insufficient," much less redundant or scandalous. Specifically, applying the above-referenced standard to the defendants' second, third, seventh, eighth, ninth, tenth, eleventh, and twelfth defenses, it cannot be said that these defenses have "no possible relation to the controversy," and thus the Court exercises its ample discretion to deny Sencial's unsupported request to strike these defenses. *Augustus*, 306 F.2d at 868.

Sencial's motion to strike the fourth defense, however, warrants closer scrutiny. Though Sencial offers no grounds for striking this fourth defense, review of this defense indicates that, there, the JPSO Defendants allege that the Court lacks diversity jurisdiction because the amount in controversy is less than $75,000. Assuming that this is indeed advanced as a defense, it appears to qualify as

---

[10] ECF No. 59 includes the majority of the JPSO Defendants, whereas ECF No. 82 is an Answer on behalf of Deputy Terrence Holmes and ECF No. 89 is an Answer on behalf of Deputy Dustin Johnson. The three Answers are essentially identical, apart from one paragraph and the identity of the parties filing them.

impertinent or immaterial given the jurisdictional predicate for this case. That is, pursuant to 28 U.S.C. § 1331, this Court has *federal question* jurisdiction over Sencial's lawsuit because certain of his claims arise under federal law, namely, his civil rights claims under 42 U.S.C. § 1983. Diversity jurisdiction is not implicated and thus a defense premised on its absence *technically* "has no possible relation to the controversy" and is necessarily immaterial. *See Augustus*, 306 F.2d at 868; *see also Hardy v. Scandinavian Airlines Sys.*, No. CV 21-1591, 2025 WL 437588, at *4 (E.D. La. Feb. 7, 2025) (Morgan, J.) (striking affirmative defense that the court lacked subject matter jurisdiction as insufficient because the court had subject matter jurisdiction over the case).

That does not end the inquiry. Technical immateriality aside, Sencial offers no suggestion that he is prejudiced by the mere presence of this fourth defense. And the Court cannot conceive of how the presence of this immaterial subject matter jurisdiction "defense" (such as it is) has or would necessitate a response from Sencial, require Sencial to engage in burdensome discovery, or otherwise require him to advance resources responding to a non-issue. In other words, the immaterial (and legally incorrect) jurisdictional allegation has not (and cannot) harm Sencial. Absent prejudice (*see, e.g., Abene*, 802 F. Supp. 2d at 723), the Court is not persuaded that resort to the "drastic remedy" of striking this singular defense serves any useful or appropriate purpose, much less achieves justice.[11] Accordingly, the Court exercises its ample discretion to deny Sencial's disfavored motion.

---

[11] On the other hand, motions to strike are disfavored precisely because, when misused, they serve only to harass and prolong delay (and, in this instance, waste judicial resources). *See generally*

**B. Alternative Request for a More Definite Statement**

Turning to Sencial's alternative request that the JPSO Defendants should be ordered to provide a more definite statement of certain defenses, the request is without merit. Sencial is not entitled to a more definite statement from the defendants. As indicated above, Rule 12(e) does not apply in this context.

By its clear text, Rule 12(e) applies only to a "pleading to which a responsive pleading is permitted." And, unless the Court orders a response, Rule 7(a) does not allow a responsive pleading to an affirmative defense or an answer. Here, the Court has not ordered that Sencial file any response to the JPSO Defendants' answer and affirmative defenses. There being no response required from Sencial, the purpose of the rule is not implicated because Sencial need not attempt to frame a response to the JPSO Defendants' allegedly indefinite defenses. A more definite statement would not advance the purpose of the rule and would thus be futile. Because Rule 12(e) is not implicated, Sencial's alternative request for relief is without merit.

**IV.    CONCLUSION**

**IT IS ORDERED** that Sencial's motion[12] to strike is **DENIED.**

New Orleans, Louisiana, this 24th day of September, 2025.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1381 (3d ed.2025) (citations omitted).
    [12] ECF No. 98.