UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STEVEN JAY SENCIAL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-4235** |
| **JEFFERSON PARISH SHERIFF JOSEPH LOPINTO, III, ET AL.** | **SECTION "O"** |

## ORDER AND REASONS

Before the Court is a motion[1] for temporary restraining order ("TRO") or preliminary injunctive relief by Plaintiff Steven Jay Sencial.[2] For the following reasons, Sencial's motion for TRO is **DISMISSED AS MOOT.**

### I. BACKGROUND

Steven Jay Sencial instituted the captioned civil rights action *pro se* and *in forma pauperis*, seeking to recover monetary damages for alleged violations of his federal constitutional rights under 42 U.S.C. § 1983 as well as state law tort claims.[3] In the now-operative Second Amended and Superseding Complaint ("Second Amended Complaint"), filed with the benefit of (briefly) appointed counsel, Sencial challenges conduct and practices by numerous defendants occurring in late 2022, when Sencial was incarcerated as a pretrial detainee at the Jefferson Parish Correctional Center ("JPCC").[4] Specifically, Sencial focuses on four incidents at JPCC in which he alleges that the confinement conditions at JPCC were inhumane and that 13 defendants failed to protect him from self-harm, failed to protect him from harm

---

[1] ECF No. 108.
[2] No opposition was filed.
[3] ECF No. 1.
[4] ECF No. 43. Appointed counsel promptly withdrew after filing the amended complaint.

from other inmates, used excessive force against him, and/or failed to provide medical care.[5]

Sencial resumed *pro se* status after his attorney withdrew in June 2023. Motion practice and hearings relative to the operative complaint were referred to and proceeded before the magistrate judge until December 2023, when that referral was vacated after less than all parties consented to magistrate-judge adjudication.[6] In early and mid-December 2023, Sencial moved to strike portions of the defendants' answers and moved for summary judgment.[7] Thereafter, the captioned case was transferred to this Section of Court.

Beginning in January 2024, Sencial filed the first two of a flurry of notices with the Court, indicating that his address had changed.[8] On March 5, 2024, while back in JPCC custody, Sencial filed the instant motion for TRO, captioning his motion in the instant case, but not naming any particular defendants nor alleging a particular underlying cause of action.[9] As grounds for injunctive relief against "the jail," Sencial alleges that he was being housed "in Admin Seg due to my enemies" but that the JPCC was permitting one of Sencial's enemies to serve as "the hallman to deliver food and [] cleanup" Sencial's housing area.[10] Accordingly, Sencial requests that the Court issue a TRO to enjoin the JPCC "to keep my enemies away from me[; specifically,

---

[5] *Id.*
[6] ECF No. 97.
[7] ECF Nos. 98, 101.
[8] ECF No. 103 (notifying of temporary relocation to St. Tammany Parish Jail), No. 104 (notifying of return back to JPCC).
[9] ECF No. 108.
[10] *Id.*

Sencial urges the Court to] order[] the jail to replace the hallman with an inmate that is not an enemy."[11]

Shortly after filing the instant motion, Sencial was transferred to St. Tammany Parish Jail "as of March 8, 2024."[12] Months later, in June and August 2024, Sencial notified the Court that his address had changed again; this time he listed a private address in Wiggins, Mississippi.[13] On September 23, 2024, Sencial notified the Court that he had a different address in Wiggins, Mississippi, and confirmed what the June 2024 notice had indicated: Sencial had been released from custody.[14]

In November 2024, the Court issued a scheduling order setting Sencial's damages case presented in the Second Amended Complaint for a jury trial on October 20, 2025.[15] The Court now takes up Sencial's motion for TRO.

## II. LAW AND ANALYSIS

In his motion for TRO, Sencial seeks injunctive relief against the jail concerning housing issues and keeping Sencial safe from inmates who are his "enemies." Pretermitting whether any claim underlying his motion for injunctive relief was ever properly advanced or joined in this civil action and/or has been abandoned, for the following reasons, his transfer from JPCC and ultimate release from detention moots his pending motion requesting that the Court enjoin the jail or

---

[11] *Id.*
[12] ECF No. 107 (Sencial letter dtd. 3/14/24).
[13] ECF Nos. 109, 110.
[14] ECF No. 111.
[15] ECF No. 114. Trial was later continued until March 9, 2026, the current trial date. ECF No. 141.

require the jail to do something relative to Sencial's confinement. He is no longer confined in JPCC custody.

Article III of the Constitution limits the federal courts' judicial authority to "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1; *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 559 (1992). This actual controversy "requirement persists through all stages of federal judicial proceedings." *See Dierlam v. Trump*, 977 F.3d 471, 476 (5th Cir. 2020); *see also Shemwell v. City of McKinney, Texas*, 63 F.4th 480, 483 (5th Cir. 2023) (citing *Honig v. Doe*, 484 U.S. 305, 317, 108 (1988)) (federal courts "may only adjudicate actual, ongoing controversies"); *see also United States v. Sanchez-Gomez*, 584 U.S. 381, 385-86 (2018) (citation omitted) ("A case that becomes moot at any point during the proceedings is 'no longer a 'Case' or 'Controversy' for purposes of Article III,' and is outside the jurisdiction of the federal courts.").

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (citation omitted). Mootness, like other justiciability features of subject matter jurisdiction, is claim-specific. *Students for Fair Admissions, Inc. v. Univ. of Tex. at Austin*, 142 F.4th 819, 825 (5th Cir. 2025) (citing *Boudreaux v. La. State Bar Ass'n*, 86 F.4 620, 629 (5th Cir. 2023)). Because it is jurisdictional, if not questioned by the parties, mootness must be raised *sua sponte*. *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987).

Mootness occurs only when it is 'impossible for the court to grant 'any effectual relief whatever' to a prevailing party.'" *Students for Fair Admissions, Inc.*, 142 F.4th at 824 (citing *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (citations omitted)). One way in which an issue is no longer live, or it is impossible for the Court to grant relief, is if a change in circumstances eliminates the controversy. *See id.* (affirming district court's dismissal, as moot, of plaintiff's claims for declaratory relief related to university's pre-*Harvard*[16] admissions policy, but reversing district court's dismissal, as moot, of plaintiff's declaratory and injunctive relief claims related to university's revised post-*Harvard* admissions policy, finding the same to be live claims); *see also Dierlam v. Trump*, 977 F.3d 471, 476 (5th Cir. 2020) ("If an intervening event renders the court unable to grant the litigant any effectual relief whatever, the case is moot.").

It is "'beyond dispute that a request for injunctive relief generally becomes moot upon the happening of the event sought to be enjoined.'" *Copeland v. Livingston*, 464 F. App'x 326, 330 (5th Cir. 2012) (quoting *Harris v. City of Houston*, 151 F.3d 186, 189 (5th Cir.1998)). Moreover, "[p]ast exposure to illegal conduct does not itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974). Pertinent here, a prisoner's transfer to another facility "render[s] his claims for declaratory and injunctive relief moot." *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (claims for injunctive and declaratory relief based on exposure to

---

[16] *Students for Fair Admissions, Inc., v. President & Fellows of Harvard College* ("*Harvard*"), 600 U.S. 181, 231 (2023).

asbestos were mooted by transfer to another prison); *see also Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017) (facility transfer mooted declaratory and injunctive claims under the Religious Land Use and Institutionalized Persons Act); *Edwards v. Johnson*, 209 F.3d 772, 776 (5th Cir. 2000) (claim for injunctive relief regarding prison policies and procedures was moot after plaintiff was transferred to different facility); *Cooper v. Sheriff, Lubbock Cnty.*, 929 F.2d 1078, 1084 (5th Cir. 1991) (claims for injunctive relief based on denial of food at *prior* jail were moot).

These authorities squarely govern here. Sencial's motion requesting injunctive relief is clearly moot. In early March 2024, while detained at JPCC, Sencial filed the instant motion, requesting injunctive relief based on conditions he was subjected to at JPCC, specifically, the JPCC's alleged failure to separate and protect him from other inmates he deemed his enemies. But—just a few days later—Sencial was transferred to another jail and then, shortly thereafter, released from custody. Because he is no longer in JPCC custody, the Court is "left with nothing to enjoin, and his request for an injunction is moot." *See, e.g., Copeland*, 464 F. App'x at 330-31. Whether framed as factually impossible to fashion meaningful relief for Sencial or framed instead as there being no "live" issue with respect to the request to enjoin the jail to correct its policies and practices as to Sencial, the result is the same: Sencial's request for injunctive relief presented in his motion for TRO was rendered moot by his transfer out of JPCC custody in March 2024.[17]

---

[17] There can be no debate that any potential exception to the mootness doctrine that could possibly be implicated was no longer upon Sencial's ultimate release from custody altogether in June 2024. *See Herman*, 238 F.3d at 665 (any suggestion of injunctive relief based on the possibility that

6

Once "a plaintiff's stake in a lawsuit [or claim for relief] falls away, so too does [the Court's] subject matter jurisdiction." *Shemwell v. City of McKinney, Texas*, 63 F.4th 480, 483 (5th Cir. 2023). Sencial "lost a legally cognizable interest" in his request for prospective injunctive relief as soon as he was transferred from JPCC custody—indeed, he was then released from custody altogether. Accordingly, pretermitting whether any claim underlying his motion for injunctive relief was ever properly advanced or joined in this civil action and/or has been abandoned, his motion requesting that the Court enjoin the jail or require the jail to do something relative to Sencial's confinement there must be dismissed as moot.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Sencial's motion[18] for temporary restraining order is **DISMISSED WITHOUT PREJUDICE AS MOOT**.

New Orleans, Louisiana, this 24th day of September, 2025.

_____
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

the plaintiff might someday be transferred back to the jail whose practices plaintiff challenged "is too speculative to warrant relief").

[18] ECF No. 108.