UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STEVEN JAY SENCIAL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-4235** |
| **JEFFERSON PARISH SHERIFF JOSEPH LOPINTO, III, ET AL.** | **SECTION "O"** |

## ORDER AND REASONS

Before the Court is *pro se* Plaintiff Steven Jay Sencial's motion[1] for summary judgment, or, in the alternative, for partial summary judgment. For the following reasons, Sencial's motion is **DENIED WITHOUT PREJUDICE**.

I.   **BACKGROUND**

Sencial, a former pretrial detainee housed at the Jefferson Parish Correctional Center ("JPCC"), initially filed this civil action *pro se*.[2] However, with the assistance of (briefly) appointed counsel, he filed a Second Amended and Superseding Complaint ("Second Amended Complaint").[3] In that operative pleading, Sencial raises several claims seeking damages under federal and state law against law enforcement officers and medical personnel he encountered at JPCC, including Jefferson Parish Sheriff Joseph P. Lopinto, III, Deputy Chad Lachney,[4] Deputy Marialaina Horton, Deputy Joseph Trosclair, Sgt. Kelly Kline, Lt. Timothy Berrian, Sgt. Scott Rose, Deputy T. Holmes, Deputy Adrian Arabie, Deputy Charles Whitley, Deputy Dustin Johnson,

---

[1] ECF No. 101. Defendants did not file a response to Sencial's motion for summary judgment.
[2] ECF No. 1.
[3] ECF No. 43.
[4] Deputy Chad Lachney was incorrectly named as "Deputy Chad Lnu" in Sencial's Second Amended and Superseding Complaint. *Id.*

1

and Capt. Aaron Wilkie ("JPSO Defendants"), along with Roneisha Johnson, LPN, and her employer, CorrectHealth Jefferson, LLC ("CorrectHealth") (together, "Defendants").[5]

Sencial alleges that he was arrested on May 23, 2022 and booked into JPCC. Sencial alleges that the overall conditions at JPCC are inhumane and negatively impacted his health and well-being. His lawsuit focuses on four incidents which he alleges occurred during a four-month period between June and late October 2022 and in which he alleges that the Defendants failed to protect him from suicidal impulses, failed to protect him from other inmates, knowingly placed a dangerous inmate in a cell with him, and used excessive and unnecessary force against him.

As a result of these four incidents, Sencial filed the instant lawsuit under 42 U.S.C. § 1983, seeking to recover damages for the Defendants' deliberate indifference and disregard for his safety, in violation of his Eighth and Fourteenth Amendment rights. Sencial also seeks damages for state law torts of assault, battery, intentional infliction of emotional distress, breach of duty to protect, and negligence. Sencial further alleges that Sheriff Lopinto and CorrectHealth are liable under the doctrine of *respondeat superior*.

Sencial now moves for summary judgment on his various claims.

---

[5] CorrectHealth is a contracted medical care provider at JPCC.

2

## II.   LEGAL STANDARDS

### A. The Summary Judgment Process

*Federal Rule of Civil Procedure 56*

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute is genuine if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Perry v. VHS San Antonio Partners, L.L.C.*, 990 F.3d 918, 926 (5th Cir. 2021) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A fact is material if it 'might affect the outcome of the suit.'" *Id.* (quoting *Anderson*, 477 U.S. at 248).

The movant has the initial burden to show that there is no genuine dispute of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). The Court "is free to grant summary judgment on the basis of any facts shown by competent evidence in the record." *Liberty Mut. Fire Ins. Co. v. Copart of Connecticut, Inc.*, 75 F.4th 522, 533 (5th Cir. 2023) (quoting *United States v. Hous. Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994)).

"A party asserting that a fact cannot be . . . genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations [], admissions, interrogatory answers, or other materials; or (B) showing

3

that the materials cited do not establish the . . . presence of a genuine dispute[.]" FED. R. CIV. P. 56(c).

"There can be no genuine dispute as to a material fact where a party fails 'to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Guillot ex rel T.A.G. v. Russell*, 59 F.4th 743, 750 (5th Cir. 2023) (quoting *Celotex Corp.*, 477 U.S. at 322). Simply put, "[w]hen a party moves for summary judgment on an issue where that party bears the ultimate burden of proof, it must establish [its] case with admissible evidence." *Favela v. Collier*, 91 F.4th 1210, 1212 (5th Cir. 2024) (citation omitted).

Finally, a nonmovant's failure to respond to a motion for summary judgment does not permit the entry of "default" summary judgment. *See Eversley v. Mbank Dall.*, 843 F.2d 172, 174 (5th Cir. 1988) (citation omitted). Rather, "[t]he movant has the burden of establishing the absence of a genuine issue of material fact, and unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985) (citation omitted).

*Local Rule 56.1*

The Court's local rules mandate that "[e]very motion for summary judgment must be accompanied by a separate and concise statement of the material facts which the moving party contends present no genuine issue." *See* LR 56.1; *see also* LR 56.2 (mandating that any opposition to a motion for summary judgment include its own

4

separate statement of material facts which presents a genuine issue). Compliance with these rules not only facilitates the Court's review, but it also ensures that the parties carry their respective burdens in demonstrating entitlement to judgment as a matter of law, or in demonstrating that triable issues remain for trial.

### B. Concessions Afforded *Pro Se* Litigants

It is well-established that the pleadings of *pro se* litigants must be construed liberally and reviewed less stringently than those drafted by attorneys. *Thorn v. McGary*, 684 F. App'x 430, 432 (5th Cir. 2017) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, even *pro se* litigants must brief their arguments, *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993), and they must also "comply with the rules of procedure and make arguments capable of withstanding [or demonstrating entitlement to] summary judgment." *See Thorn*, 684 F. App'x at 433 (quoting *Ogbodiegwu v. Wackenhut Corrs. Corp.*, 202 F.3d 265, 1999 WL 1131884, at *2 (5th Cir. 1999) (unpublished, *per curiam*)). Simply put, "self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *See Hulsey v. Tex.*, 929 F.2d 168, 171 (5th Cir. 1991) (quotations and citations omitted).

**III.   ANALYSIS**

Sencial's motion for summary judgment fails to comply with federal and local summary judgment procedure. More fundamentally, at this time—on the "record" submitted by Sencial—he fails to carry his burden to demonstrate entitlement to summary judgment on any of his claims. Accordingly, his motion must be denied, but it is denied without prejudice to a future opportunity to seek summary judgment *if* he is able to comply with the summary judgment process and submit evidence substantiating his claims.

First, Sencial has failed to comply with procedural prerequisites governing motions for summary judgment. As a threshold matter, Sencial's motion fails to comply with Local Civil Rule 56.1, because he fails to include a separate—or any—statement of the material facts. This is not merely a procedural technicality: not only is there no "separate" statement, Sencial does not include a statement of material facts in the body of his motion or memorandum. Even liberally construing Sencial's motion, his failure to comply with the Court's rules warrants denial of his motion, particularly so given that his non-compliance renders it difficult to discern whether Sencial indeed has submitted evidence to support the material facts he must prove to substantiate his case, *i.e.,* each element of each (or any) of his claims. *See Verdin v. Soignet*, No. CV 22-4513, 2024 WL 1740214, at *1 (E.D. La. Apr. 23, 2024) (denying *pro se* plaintiff's motion for summary judgment because plaintiff's motion was not accompanied by a statement of material facts and plaintiff failed to identify claims for which he sought summary judgment).

Second and more fundamentally, Sencial has failed to carry his Rule 56 initial burden of demonstrating—by supporting his factual position with evidence—that there is no dispute as to any material fact such that he is entitled to judgment as a matter of law on any of his claims. Sencial fails even to identify which claims for which he seeks summary judgment. To be sure, summary judgment is improper where the movant (who will bear the burden of proof and persuasion at trial) fails to "lay out the elements of its claims, cite the facts which it believes satisfies these elements, and demonstrate why the record is so one-sided as to rule out the prospect of a finding in favor of the non-movant on the claim." *Hotel 71 Mezz Lender LLC v. National Retirement Fund*, 778 F.3d 593, 601-02 (7th Cir. 2015) (citations omitted).

"When a party moves for summary judgment on an issue where that party bears the ultimate burden of proof, it must establish [its] case with admissible evidence." *Favela*, 91 F.4th at 1212 (citation omitted). Here, Sencial will bear the burden of proving each of his claims at trial. As such, where he seeks judgment on the summary judgment record before and in lieu of trial, he must submit "evidence that would entitle [him] to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991) (citation omitted). He fails to do so. Read liberally, Sencial's motion for summary judgment falls short of carrying his initial burden under federal summary judgment procedure. And this procedure drives substance. Summary judgment is only available for the party who will bear the ultimate burden at trial (here, Sencial) if the summary

7

judgment record proves each element of each claim such that it renders a trial unnecessary.

Though Sencial alludes to evidence (and "discovery") that *may* support his burden to prove the various elements of his many claims against numerous defendants, he not only fails to identify the claims for which he seeks summary judgment, he fails to articulate the elements of the claims he advances and fails even to list the material facts he believes his proffered exhibits may establish. Moreover, the documentary exhibits he submits for the Court's review fail basic evidence-authenticity requirements. Even assuming the submitted documents could be presented at trial in admissible form,[6] Sencial fails to demonstrate how the evidence proves any element of any of his claims, much less which one(s). In other words, Sencial is not entitled to a decision on the merits of any of his numerous claims because he merely reiterates the four incidents that form the basis of his many claims, without substantiating them. Rule 56 demands more: a party asserting that a fact cannot be genuinely disputed "must" support that assertion by citing materials in the record. FED. R. CIV. P. 56(c).

In his motion, Sencial resorts to his unsworn (and often conclusory) allegations which will not predicate judgment as a matter of law. For example, for "incident 1" Sencial (without more) merely refers to other documents filed in this case at ECF Nos. 85 and 86. This falls well short of carrying his initial summary judgment burden.

---

[6] Even assuming the documents may be authenticated and admitted at trial, it is unclear whether the contents of the documents Sencial provides with his motion are offered for the truth of the matters asserted therein.

8

So, too, for "incident 2." Sencial cites to a "cell history" form and a grievance he filed, but he also alludes to how "discovery will show [defendants] violate[d] own policy." He acknowledges that he must prove deliberate indifference as an essential element of his claims. Deliberate indifference is "an extremely high standard to meet." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Taking the documents he provides at face value, Sencial fails to indicate how his proffered evidence is probative of the defendants' alleged deliberate indifference, much less how the documents prove this quintessentially fact-driven element.

Likewise, as for "incident 3," Sencial alludes to discovery that will show JPCC officers violated standard practices, he further alludes to his own "upon information and belief" allegations, and he cites a few grievance form exhibits. But he fails to indicate how any of the evidence he has submitted substantiates his entitlement to relief as a matter of law for any of his claims against any defendant.

Finally, with respect to "incident 4," Sencial repeats the allegations of his unsworn complaint and further suggests that the documentary exhibits he attaches to his motion reflect "incorrect" assertions by JPCC staff. He fails to carry his initial summary judgment burden. Unsworn narrative accounts may not predicate summary judgment.

In his motion, Sencial has not outlined the elements of his many claims, cited facts that satisfies those elements (for any much less all defendants), or otherwise produced materials (or identified in the record those materials) that substantiate his assertions or claims and demonstrate he is entitled to judgment on the merits of his

9

many claims against numerous defendants. Beyond technicalities, the purpose of the summary judgment procedure is for the Court to examine materials beyond the unsworn pleadings to determine whether one party wins on the merits, or whether there are any genuine issues to be resolved at trial. *See Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) ("[U]nsupported allegations or affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to [ ] support or defeat a motion for summary judgment.") (internal quotation marks omitted). This Court may not enter judgment in favor of a party who merely relies on his own unsworn complaint, or other unsubstantiated or conclusory assertions that lack genuine substance. Sencial's unsworn say-so does not carry the day for summary judgment. *See Williams v. Bexar Cnty.*, No. 22-50289, 2024 WL 3326082, at *6 n.10 (5th Cir. July 4, 2024) ("Although '[a] plaintiff's verified complaint may be considered as summary judgment evidence to the extent that it comports with the requirements of [Rule 56]," an unverified complaint "does not constitute competent summary judgment evidence." (citing *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994))).

***

In civil litigation generally, for a plaintiff to receive judgment in his favor, he must carry his burden to prove his claims. For a plaintiff seeking to prove jail officials violated his federal constitutional rights—where he must prove deliberate indifference to succeed on the merits of his claims—this is a tall order, especially where the plaintiff seeks to do so on a cold summary judgment record. Even in straightforward documentary cases "most suitable . . . for summary judgment" (*e.g.*,

a lawsuit to enforce a negotiable instrument), a plaintiff's "[d]efect in pleading the claim and the lack of substantiation cannot be cured by defendant's failure to raise that issue on summary judgment without unjustifiably shifting plaintiffs' burden of establishing their cause of action to defendant." *Lloyd v. Lawrence*, 472 F.2d 313, 316, 318 (5th Cir. 1973). Absent compliance with basic summary judgment procedure (including discharging the summary judgment movant's initial burden to identify each claim on which summary judgment is sought and support each assertion of fact predicating the claim), it follows that no party is entitled to win on the merits of a dispute until the claims are tested at trial based on admitted evidence and sworn testimony. As the Fifth Circuit has observed:

> A summary judgment is neither method of avoiding the necessity for proving one's case nor a clever procedural gambit whereby a claimant can shift to his adversary his burden of proof on one or more issues. [ ] To obtain a judgment in favor of a claimant pursuant to his complaint, … the moving party must offer evidence sufficient to support a finding upon every element of his claim for relief, except those elements admitted by his adversary in his pleadings, or by stipulation, or otherwise during the course of pretrial. A plaintiff seeking summary judgment who has failed to produce such evidence on one or more essential elements of his cause of action is no more 'entitled to a judgment' [ ] than is a plaintiff who has fully tried his case and who has neglected to offer evidence sufficient to support a finding on a material issue upon which he bears the burden of proof. [ ] In either situation there is a failure of proof.

*Id.* (quotation and citations omitted). Where (as here) the plaintiff moves for summary judgment, he must prove his case on the summary judgment record. On this record, Sencial has failed to do so.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Sencial's motion[7] is **DENIED WITHOUT PREJUDICE** to Sencial's right to file a supported motion for summary judgment in compliance with local and federal rules.

New Orleans, Louisiana, this 26th day of September, 2025.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[7] ECF No. 101.